UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD ABRAM ADAMS,

    Petitioner,

vs.            Case No. 3:20-cv-452-BJD-PDB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

_____

## **ORDER**

## I. **STATUS**

Petitioner Richard Abram Adams is proceeding on a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) challenging his Duval County conviction for burglary. Respondents filed a Response to Petition for Writ of Habeas Corpus (Response) (Doc. 6).[1]  Petitioner filed a Reply to Respondents' Response to Order to Show Cause (Reply) (Doc. 26) asserting he satisfied the two-part test of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) and is entitled to federal habeas relief.

---

[1] The Court will refer to the Exhibits (Doc. 6) as "Ex."  Where provided, the page numbers referenced are the Bates stamp numbers at the bottom of each page of the Exhibit. Otherwise, the page number on the particular document will be referenced.  The Court references the docket and page numbers assigned by the electronic filing system for the Petition, Response, and Reply.

## II.   HABEAS REVIEW

Federal courts are authorized to grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   Lee v. GDCP Warden, 987 F.3d 1007, 1017 (11th Cir.) (quoting 28 U.S.C. § 2254), cert. denied, 142 S. Ct. 599 (2021). For issues previously decided by a state court on the merits, this Court must review the underlying state-court decision under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).   In doing so, a federal district court must employ a very deferential framework.   Sealey v. Warden, Ga. Diagnostic Prison, 954 F.3d 1338, 1354 (11th Cir. 2020) (citation omitted) (acknowledging the deferential framework of AEDPA for evaluating issues previously decided in state court), cert. denied, 141 S. Ct. 2469 (2021); Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases").

Thus, "[u]nder AEDPA, a court cannot grant relief unless the state court's decision on the merits was 'contrary to, or involved an unreasonable application of,' Supreme Court precedent, or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" McKiver v. Sec'y, Fla. Dep't of Corr., 991 F.3d 1357, 1364 (11th

Cir.) (citing 28 U.S.C. § 2254(d)(1)-(2)), cert. denied, 142 S. Ct. 441 (2021).   The

Eleventh Circuit instructs:

> A state court's decision is "contrary to" clearly established federal law if the state court either reaches a conclusion opposite to the Supreme Court of the United States on a question of law or reaches a different outcome than the Supreme Court in a case with "materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000).   "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle" from Supreme Court precedents "but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413, 120 S. Ct. 1495.

Lee, 987 F.3d at 1017-18.   Therefore, habeas relief is limited to those occasions

where the state court's determinations are unreasonable, that is, if no

fairminded jurist could agree with them.   McKiver, 991 F.3d at 1364.

This is a high hurdle, not easily surmounted.   If the state court applied

clearly established federal law to reasonably determined facts when

determining a claim on its merits, "a federal habeas court may not disturb the

state court's decision unless its error lies 'beyond any possibility for fairminded

disagreement.'" Shinn v. Kayer, 141 S. Ct. 517, 520 (2020) (per curiam)

(quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).   Also, a state court's

finding of fact, whether a state trial court or appellate court, is entitled to a

presumption of correctness under 28 U.S.C. § 2254(e)(1). "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary." Sealey, 954 F.3d at 1354 (quoting 28 U.S.C. § 2254(e)(1)). See Hayes v. Sec'y, Fla. Dep't of Corr., 10 F.4th 1203, 1220 (11th Cir. 2021) (Newsome, Circuit Judge, concurring) (recognizing the universal requirement, applicable to all federal habeas proceedings of state prisoners, set forth in 28 U.S.C. § 2254(e)(1)). This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact. Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (acknowledging the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014). [2] Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference." Dallas v. Warden, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting Brumfield v. Cain, 576 U.S. 305, 314 (2015)), cert. denied, 142 S. Ct. 124 (2021). As such, a federal district court may not supersede a state court's determination simply because

---

[2] The Court finds the reasoning of Brannan persuasive on this point. See McNamara v. Gov't Emp. Ins. Co., 30 F.4th 1055, 1060-61 (11th Cir. 2022) (reiterating that unpublished opinions may be cited as persuasive authority but are not binding precedent. See Rule 32.1, Fed. R. App. P. The Court references other unpublished decisions in this opinion, recognizing that these decisions constitute persuasive authority, not binding precedent.

reasonable minds may disagree about the finding.   Id. (quotation and citation omitted).

Finally, where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgment, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

## III.   INEFFECTIVE ASSISTANCE OF COUNSEL

The two-part Strickland standard governs claims of ineffective assistance of counsel.   Knight v. Fla. Dep't of Corr., 958 F.3d 1035, 1038 (11th Cir. 2020), cert. denied, 141 S. Ct. 2471 (2021).   See Freeman v. Comm'r, Ala. Dep't of Corr., 46 F.4th 1193, 1220 (11th Cir. 2022) ("In an ineffective assistance of counsel claim, § 22543(d)'s terms are judged by the standard set forth in Strickland v. Washington.").   Pursuant to this standard, a defendant must show: (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense.   Strickland, 466 U.S. at 687.   A district court need not address both prongs if a petitioner makes an insufficient showing on one.   Fifield v. Sec'y, Dep't of Corr., 849 F. App'x 829, 833 (11th

Cir. 2021) (per curiam) (relying on Strickland), cert. denied, 142 S. Ct. 788 (2022).

To prevail, a petitioner must successfully show his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" as well as show "the deficient performance prejudiced the defendant, depriving him of a 'fair trial, a trial whose result is reliable.'" Raheem v. GDCP Warden, 995 F.3d 895, 908 (11th Cir. 2021) (quoting Strickland, 466 U.S. at 687), cert. denied, 142 S. Ct. 1234 (2022). Additionally, combining the deferential standard for judging the performance of counsel with the extra layer of deference that § 2254 provides, the resulting double deference "is doubly difficult for a petitioner to overcome[.]" Johnson v. Sec'y, DOC, 643 F.3d 907, 911 (2011).

"And to determine whether [Petitioner] is entitled to habeas relief[,]" this Court "must ask (1) whether the [state court] decisions were contrary to, or involved an unreasonable application of, clearly established Federal law, as determined' in Strickland, or (2) whether the . . . decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Whatley v. Warden, Ga. Diagnostic & Classification Ctr., 927 F.3d 1150, 1175 (11th Cir. 2019) (citations and internal quotation marks omitted), cert. denied, 141 S. Ct. 1299 (2021). This Court

6

must be ever mindful that a state court's decision must be given deference and latitude and therefore the AEDPA standard is, as a consequence, quite difficult to meet.

Petitioner also raises claims of ineffective assistance of appellate counsel.   A claim of ineffective assistance of appellate counsel is governed by this same Strickland standard.   Philmore v. McNeil, 575 F.3d 1251, 1264 (11th Cir. 2009) (per curiam), cert. denied, 559 U.S. 1010 (2010).   As in a claim of ineffective assistance of trial counsel, failure to establish either prong of the Strickland standard is fatal to a claim of ineffective assistance of appellate counsel.   Tuomi v. Sec'y, Fla. Dep't of Corr., 980 F.3d 787, 795 (11th Cir. 2020), cert. denied, 141 S. Ct. 1721 (2021).

In applying the two-pronged standard established in Strickland, the Court is mindful that appellate counsel may weed out weaker, although meritorious arguments, as there is no duty under the Sixth Amendment to raise every non-frivolous issue.   Overstreet v. Warden, 811 F.3d 1283, 1287 (11th Cir. 2016).   Regarding the prejudice prong, "[a]ppellate [c]ounsel's performance will be deemed prejudicial if we find that the neglected claim would have a reasonable probability of success on appeal."   Tuomi, 980 F.3d at 795 (quoting Philmore, 575 F.3d at 1265) (internal quotation omitted). "Generally, only when ignored issues are clearly stronger than those

presented, will the presumption of effective assistance of counsel be overcome."
Overstreet, 811 F.3d at 1287 (quoting Smith v. Robbins, 528 U.S. 259, 288
(2000) quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)).

## IV.   GROUNDS

In his Petition, Petitioner raises four grounds: (1) the ineffective
assistance of trial counsel for failure to object to the prosecutor's improper
remarks during closing arguments; (2) the ineffective assistance of trial
counsel for failure to object to the victim testifying about how his alarm system
works; (3) the trial court erred when it overruled counsel's objection and
allowed a videotape to be entered into evidence (exhausted in state court as a
claim of ineffective assistance of appellate counsel for failure to raise the
underlying claim); and (4) the trial court erred when it granted the state's
motion to join the Petitioner's trial with his co-defendant's trial evidence
(exhausted in state court as a claim of ineffective assistance of appellate
counsel for failure to raise the underlying claim).   Petition at 5, 9, 11, 15.

Upon review, the Court concludes no evidentiary proceedings are
required in this Court.   The pertinent facts are fully developed in the record,
or the record otherwise precludes habeas relief; therefore, the Court can
adequately assess these four claims without any further factual development.

Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

## A.   Ground One

Petitioner exhausted ground one of the Petition by raising it in claim two of his Rule 3.850 motion.   Ex. K at 6-11, 19-174.   He appealed the trial court's decision to the First District Court of Appeal (1st DCA).   Id. at 175; Ex. L; Ex. M.   On March 10, 2020, the 1st DCA per curiam affirmed the decision of the trial court.   Ex. N.   The mandate issued on April 7, 2020.   Id.

In undertaking its review, the state court properly applied the two-pronged Strickland standard of review.   Ex. K at 19-20.   Thus, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1).   The Court's next considers whether the state court unreasonably applied that principle to the facts or premised its adjudication of the claim on an unreasonable determination of the facts.

The circuit court set forth Petitioner's claim:

> Defendant maintains counsel was ineffective for failing to object to allegedly improper closing arguments.   Defendant states the State discussed video identification of Defendant despite the trial court granting a motion in limine regarding that evidence prior to trial.   Defendant suggests counsel should have objected and asked for a curative instruction to disregard the State's comments about Defendant being in the video and to tell the jury that

9

> the attorney's statements are not evidence.
> Defendant states that this evidence was not based on
> evidence since no witness identified Defendant as the
> person in the video.

Ex. K at 21.

The Court will give some procedural history to provide context for the claim. The record demonstrates that prior to trial, the trial court granted Petitioner's motion to suppress video identification by Krissa Gunter and granted Petitioner's motion in limine #1, preventing identification testimony from Detective Sanders. Ex. A at 39-42, 72-77. <u>See</u> Ex. K at 22. As such, no such testimony was given. However, the video itself was entered into evidence and published to the jury. The prosecutor argued that the case was as simple as it seems as the jury could rely on the 15-second video clip of the burglary and not "take the State's word for it." Ex. C at 546. The state argued:

> You saw the video. You saw Mr. Adams looking
> around, watching, seeing if there was anything that he
> could get his hands on while Mr. Jarvis Thomas picked
> up that TV before they exited after tripping the alarm.

<u>Id</u>. at 548.

During closing argument, the prosecutor re-played the video for the jury and then said, "[y]ou saw those two men in that video." <u>Id</u>. at 550. The prosecutor described the view provided by the camera, including "a nice side

10

view and then a face view." Id. at 552.   The prosecutor reiterated that the jury could decide for themselves by watching the video.   Id. at 554.   He reminded them that the perpetrator provided a side view and a front view of his face to the camera and argued the jury should find Petitioner committed the crime, "[b]ecause his face is all over the video." Id. at 556.   Finally, the prosecutor argued, "[t]he video captures him." Id. at 571.

In addressing this post-conviction claim, the circuit court recognized that attorneys are allowed wide latitude to argue to the jury during closing argument, drawing logical inferences from the evidence presented at trial. Ex. K at 21.   The court acknowledged that it is within the jury's purview to determine whether Petitioner was on the video.   Id. at 22.   Furthermore, the reviewing court noted the trial court properly instructed the jury that what the attorneys say is not evidence.[3] Id. at 23.

The state court addressed the claim of ineffective assistance of counsel and found, upon reviewing the trial transcript and the arguments in context, the state's arguments "to be proper inferences from the evidence and video presented at trial[.] Id.   Finding these arguments properly made, the court

---

3 Indeed, the record shows, immediately prior to closing arguments, the trial court instructed the jury that what the attorneys say is not evidence and their arguments are intended to aid the jury in the understanding of the case.   Ex. C at 545.

rejected the contention that trial counsel performed deficiently for failing to object.   Id.

Generally, attorneys are allowed wide latitude during closing argument as they review evidence and explicate inferences which may reasonably be drawn from it.   Upon review, the prosecutor's comments in this instance were based upon proper inferences from the evidence and videotape presented at trial.   Since the comments were based on facts in evidence or fair inference from those facts, any failure on defense counsel's part to make an objection did not prejudice Petitioner.   There is no reasonable probability that the outcome of the proceedings would have been different had counsel objected to the comments at issue.

Failure to object during closing argument rarely rises to the level of ineffective assistance of counsel.   Read in context, the prosecutor's argument was not improper.   There was no deficiency in counsel's performance because the prosecutor's comments were not improper as they were based on logical inferences and advanced legitimate arguments based on the state's key evidence presented at trial: the videotape of the crime.

Again, the threshold standard of Strickland has not been met.   The reviewing court applied the Strickland two-pronged standard and found Petitioner had failed to establish deficient performance.   Ex. K at 23.   The

state court's adjudication of the claim is not contrary to or an unreasonable application of <u>Strickland</u> and its progeny or based on an unreasonable determination of the facts. Petitioner has not shown that the state court unreasonably applied <u>Strickland</u> or unreasonably determined the facts. The trial court was objectively reasonable in its <u>Strickland</u> inquiry. The 1st DCA affirmed. Applying the look through presumption described in <u>Wilson</u>, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.

As the threshold standard of <u>Strickland</u> has not been met, Petitioner has failed to demonstrate that the state court proceeding was fundamentally unfair and his counsel ineffective. Thus, he has failed to demonstrate a Sixth Amendment violation under the Constitution. The Court finds Petitioner is not entitled to habeas relief on ground one of the Petition.

### B.   Ground Two

Petitioner exhausted ground two of the Petition by raising it in claim one of his Rule 3.850 motion. Ex. K at 3-5. The circuit court denied the claim. <u>Id</u>. at 20-21. Petitioner appealed the court's decision to the 1st DCA. <u>Id</u>. at 175; Ex. L; Ex. M. The 1st DCA per curiam affirmed. Ex. N.

As previously noted, in undertaking its review of Petitioner's claims of ineffective assistance of trial counsel, the state court properly applied the two-

pronged <u>Strickland</u> standard of review.   Ex. K at 19-20.   As such, Petitioner

cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1).   The Court will

now consider whether the state court unreasonably applied that principle to

the facts or premised its adjudication of the claim on an unreasonable

determination of the facts.

The circuit court set forth the claim:

> Defendant alleges counsel was ineffective for failing to object to the victim testifying regarding how his alarm system works, the accuracy of the system, and the "reliability of the photographic product it produces."   Defendant avers the State was permitted to "display an unauthentic video to the jury without laying the proper foundation" and that his co-defendant's attorney objected too late because the victim had already testified.

Ex. K at 20.

The record demonstrates the following.   When the state advised the

court it intended to introduce the videotape into evidence, Tenisia O. Burke,

defense counsel for co-defendant Jarvis Rennard Thomas, objected for lack of

foundation.   Ex. C at 426.   Ms. Burke argued that since there was no live

witness during the incident, the only way the video would be admissible is

pursuant to the silent witness theory.   <u>Id</u>. at 427-28.   She set forth the factors

for the court to consider in determining whether or not the video would be

admissible under the silent witness theory:[4]  (1) the time and date of the photographic evidence; (2) whether there is any evidence of editing or tampering; (3) the operating condition and capability of the equipment producing the photographic evidence as it relates to the accuracy and reliability of the product; (4) the procedure employed as it relates to the preparation, testing, operation, and security of the equipment used to produce the product, including the security of the product itself; and (5) the testimony identifying the relevant participants depicted in the photographic evidence. Id. at 429.

After Ms. Burke expressed her concerns about the foundation laid by the state for introducing the videotape, Joshua I. Goldsborough, counsel for Petitioner, objected for the same reasons as articulated by Ms. Burke.   Id. at 430.   The court heard the state's argument in response to the objections.   Id.

---

4 The "silent witness" theory of admissibility of evidence concerns the proof of foundational facts regarding the process yielding the evidence.  Bryant v. State, 810 So. 2d 532, 536 (Fla. 1st DCA 2002) (citations omitted).   As such, under the "silent witness" theory, "if no witness who is available has seen what a videotape or a photograph depicts, proof of surrounding circumstances may nevertheless 'be sufficient for the court to find that the photograph is a fair and accurate representation of material fact.'"   Id. (citation omitted).   The homeowner, Keith Ketron, attested to the foundational facts regarding the taping process.   Ex. C at 412-41.   As there was a videotape of the transaction, it was not necessary for anyone to testify as to the actual events as they occurred.   Haslom v. Sec'y, No. 19-14072-CV-ROSENBERG, 2021 WL 4711835, at *9 (S.D. Fla. July 26, 2021), report and recommendation adopted by 2021 WL 4709801 (S.D. Fla. Oct. 8, 2021).   The trier of fact, the jury in this case, after considering the content of the videotape and other evidence, found Petitioner committed the crime of burglary.   Ex. C at 621.

at 430-32.   The court ruled that the state had "overcome the foundation for admissibility in terms of authenticity, silent witness concept here."   Id. at 433. Ms. Burke reiterated that she believed the only way that the foundation would be properly laid is through someone from the alarm company or an expert.   Id. She also argued there was evidence of tampering because the victim could not download the tape to his phone and had to download it on his office computer. Id. at 434.   The court rejected the contentions of defense counsel, finding the expressed concerns go to the weight of the evidence, not the admissibility.   Id. The court overruled the objections finding the homeowner's testimony was sufficient.   Id. at 434-35.

Mr. Goldsborough, Petitioner's counsel, added that he agreed with Ms. Burke that there was a need for someone from the alarm company to testify about the technology, the camera, the way it operates within the home, or alternatively, that the state should be required to present an expert who could testify as to the operation of the equipment.   Id. at 435-36.   Additionally, he argued, with regard to factor 5, that there would be no testimony regarding who is on the video concerning Petitioner.   Id.   Again, the court said it found that goes to the weight, not the admissibility of the evidence.   Id.   The court ruled that the testimony of the homeowner was sufficient to lay the threshold

foundation for admissibility and overruled the objection made on behalf of both Defendants.   Id.

In addressing this claim of ineffective assistance of counsel, the circuit court determined that the testimony of the homeowner as to the basic workings of his alarm system did not require the testimony of an expert.   Ex. K at 20. The court found that proper objections were made by both defendants based on authentication and foundation grounds.   Id.   The court noted that the trial court disagreed with the arguments and admitted the evidence.   Id. at 21. The circuit court found counsel's performance was not deficient in the handling of the issue.   Id.

Thus, in denying Petitioner's claim of ineffective assistance of counsel, the circuit court found counsel performed within prevailing professional standards because an objection was made, the court found the testimony "was of such nature that an expert was not needed to explain the workings to the jury[,]" and the objections based on authentication and foundation grounds were appropriately made prior to the admission of any images from the alarm system cameras.   Id. at 20.

Under these circumstances, the Court is not convinced that there was either an unreasonable application or an unreasonable determination of the facts.   In conclusion, Petitioner's claim of ineffective assistance of counsel is

due to be denied as the state court's adjudication of the claim is not contrary to or an unreasonable application of <u>Strickland</u> or based on an unreasonable determination of the facts.

The circuit court applied the <u>Strickland</u> standard and found it had not been met.   The 1st DCA affirmed.   The Court finds the state court's determination is consistent with federal precedent.   Although unexplained, the 1st DCA's decision is entitled to AEDPA deference.   Applying the look-through presumption set forth in <u>Wilson</u>, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law. Thus, ground two of the Petition is due to be denied as the state court's adjudication of the claim is not contrary to or an unreasonable application of <u>Strickland</u> and clearly established Federal law or based on an unreasonable determination of the facts.   As such, the Court finds Petitioner is not entitled to habeas relief on ground two of the Petition.

## C.  Ground Three

The record demonstrates that Petitioner filed a state petition for writ of habeas corpus raising claims of ineffective assistance of appellate counsel. Ex. H.   The state responded.   Ex. I.   The 1st DCA denied the petition on its merits.   Ex. J.

In his state court petition, Petitioner claimed his appellate counsel performed deficiently for failure to claim that the trial court erred in allowing into evidence, over Petitioner's objection, the video surveillance footage of the home being burglarized.   Ex. H at 2-3.   Thus, he exhausted the claim of ineffective assistance of appellate counsel by raising it in the state habeas petition.   The state, giving Petitioner the benefit of the doubt, has addressed the exhausted claim of ineffective assistance of appellate counsel in the Response.   Response at 26-30.

For a claim of ineffective assistance of appellate counsel, a petitioner's burden is a heavy one; he must show that his appellate counsel was objectively unreasonable in failing to raise the matter on appeal.   If a petitioner satisfies that requirement, he must then show a reasonable probability that, but for counsel's unprofessional errors, there would have been a reasonable probability of success on appeal.

The 1st DCA's ruling is entitled to deference.   Ex. J.   The state court's determination is consistent with federal precedent.   The criteria for proving ineffective assistance of appellate counsel parallels that of ineffective assistance of trial counsel, with the second prong focusing on whether the deficiency in the performance compromised the appellate process to the degree as to undermine confidence in the correctness of the result.

It is a difficult task to show appellate counsel was incompetent.   Smith v. Robbins, 528 U.S. 259, 288 (2000).   "Appellate counsel's performance will be deemed prejudicial only if we find that 'the neglected claim would have a reasonable probability of success on appeal.'"   Farina v. Sec'y, Fla. Dept. of Corrections, 536 F. App'x 966, 979 (11th Cir. 2013) (per curiam) (quoting Heath v. Jones, 941 F.2d 1126, 1132 (11th Cir. 1991)), cert. denied, 574 U.S 1003 (2014).   The Court is not convinced that the suggested claim would have a reasonable probability of success on appeal.

As noted by Respondents, an effective appellate attorney will weed out weaker arguments, even if they may have merit.   Response at 28.   See Philmore, 575 F.3d at 1264.   Upon review, Petitioner's appellate counsel properly raised a speedy trial issue on direct appeal.   Ex. D.   The state filed an answer brief.   Ex. E.   Appellate counsel filed a reply brief.   Ex. F.   On January 6, 2018, the 1st DCA affirmed.   Ex. G.   The mandate issued on February 23, 2018.   Id.

Had Petitioner's appellate counsel raised the claim Petitioner now contends should have been raised on direct appeal, no appellate relief would have been forthcoming as evinced by the 1st DCA's decision denying relief on the claim of ineffective assistance of appellate counsel.   Ex. J.   Thus, Petitioner has failed to show a reasonable probability the outcome of the direct

appeal would have been different had appellate counsel argued as Petitioner's suggests appellate counsel should have on direct appeal.

Petitioner has not shown that the 1st DCA decided his claim of ineffective assistance of appellate counsel in a manner contrary to Strickland, or that the 1st DCA's application of Strickland was objectively unreasonable. Appellate counsel need not raise every nonfrivolous issue.   As previously noted, appellate counsel proceeded with an argument of abuse of discretion regarding a speedy trial issue, although the appellate court affirmed the conviction.   Ex. D; Ex. G.

The 1st DCA's decision denying the claim of ineffective assistance of appellate counsel is entitled to AEDPA deference.   Ex. J.   The denial of relief on the ineffective assistance of appellate counsel claim was neither contrary to, nor an unreasonable application of Strickland.   Therefore, the 1st DCA's decision is entitled to deference and ground three is due to be denied.

Petitioner has failed to demonstrate that his state court proceeding was fundamentally unfair and his appellate counsel ineffective.   Thus, he has failed to demonstrate a constitutional violation.   As such, he is not entitled to habeas relief on ground three.

### D.   Ground Four

In his state court habeas petition, Petitioner claimed his appellate counsel performed deficiently for failure to claim that the trial court erred by granting the state's motion to join the Petitioner's trial with his co-defendant's trial.   Ex. H at 5-6.   Thus, he exhausted the claim of ineffective assistance of appellate counsel by raising it in the state habeas petition.   Respondents have addressed the exhausted claim of ineffective assistance of appellate counsel in their Response.   Response at 32-38.

Had Petitioner's appellate counsel raised the claim Petitioner now contends should have been raised on direct appeal, no appellate relief would have been forthcoming as evinced by the 1st DCA's decision denying relief on the claim of ineffective assistance of appellate counsel.   Ex. J.   Upon review, Petitioner has failed to show a reasonable probability the outcome of the direct appeal would have been different had appellate counsel argued as Petitioner's suggests appellate counsel should have on direct appeal.   As such, he has failed to show a constitutional violation.

The record shows the state moved for joinder of the cases, arguing the cases are related and based on the same acts, the offenses were part of a common scheme or plan, the offenses are based on the same evidence, and joinder of the cases would conserve time and resources.   Ex. A at 47.   The

court conducted a hearing on the motion.   Ex. B at 49-62.   The court held joinder was compelling because the witnesses are the same, it would avoid inconsistent verdicts, it would conserve time and resources and serves the administration of justice.   Id. at 62.   The court entered a written order granting the motion for joinder.   Ex. A at 59.

The record demonstrates the crime itself was captured on videotape and would be shown to the jury or juries.   Ms. Gunter would be called to connect Petitioner to the co-defendant, whether in a separate trial or a joint trial.   The victim was the same, the witnesses were the same, the crime captured on videotape was the same, and there was certainly conservation of time and resources through a joint trial.

Petitioner has not shown that the 1st DCA decided his claim of ineffective assistance of appellate counsel in a manner contrary to Strickland, or that the 1st DCA's application of Strickland was objectively unreasonable. The record shows appellate counsel competently raised a claim of abuse of discretion regarding a speedy trial issue.   Again, appellate counsel need not raise every nonfrivolous issue.

The 1st DCA's adjudication of the claim of ineffective assistance of appellate counsel is not contrary to or an unreasonable application of Strickland or based on an unreasonable determination of the facts; therefore,

the 1st DCA's decision denying the claim of ineffective assistance of appellate counsel is entitled to AEDPA deference.   Ex. J.   Petitioner has failed to demonstrate that his state court proceeding was fundamentally unfair and his appellate counsel ineffective.   Therefore, Petitioner is not entitled to habeas relief on ground four of the Petition.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.     The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.     This action is **DISMISSED WITH PREJUDICE**.

3.     The **Clerk** shall enter judgment accordingly and close this case.

4.     If Petitioner appeals the denial of his Petition (Doc. 1), **the Court denies a certificate of appealability**.[5]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.

that may be filed in this case.    Such termination shall serve as a denial of the motion.

      **DONE AND ORDERED** at Jacksonville, Florida, this 8th day of March, 2023.

_____
          BRIAN J. DAVIS
      United States District Judge

sa 3/1
c:
Richard Abram Adams
Counsel of Record